IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KOTTS CAPITAL HOLDINGS LIMITED  )
PARTNERSHIP, et al.,            )
                                )
            Plaintiffs,         )
                                )
    v.                          )    No.  10 C 5357
                                )
RONALD F. PREBISH, et al.,      )
                                )
            Defendants.         )

MEMORANDUM OPINION AND ORDER

Kotts Capital Holdings Limited Partnership ("Kotts

Partnership") and Kotts Capital Holdings, Inc. ("Kotts

Corporation") have filed this Complaint against five individual

defendants, seeking to invoke federal jurisdiction on diversity

of citizenship grounds.  Although the Complaint is drafted

meticulously in terms of its substantive allegations, that is not

at all true as to its critical jurisdictional allegations (as the

ensuing discussion reflects, a major understatement).  Hence this

sua sponte opinion.

As Wis. Knife Works v. National Metal Crafters, 781 F.2d

1280, 1282 (7th Cir. 1986) has stated succinctly, jurisdiction is

a threshold inquiry:

    The first thing a federal judge should do when a
    complaint is filed is check to see that federal
    jurisdiction is properly alleged.

And as to the issuance of opinions such as this one, Wernsing v.

Thompson, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations

and quotation marks omitted) teaches:

Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In this instance plaintiffs' counsel have astonishingly gotten things wrong as to every one of the parties. As Elizabeth Barrett Browning put it in a far more tender setting, "Let me count the ways."

As to Kotts Partnership and Kotts Corporation, Complaint ¶1 refers to the latter only as the partnership's general partner--and even that reference is defective because it identifies <u>neither</u> of the dual aspects of corporate citizenship as defined by 28 U.S.C. §1332(c)(1).[1] Moreover, fully two decades ago the Supreme Court definitively reconfirmed that a reference to the general partner alone is not enough (<u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990)).

As for the defendants' side of the "v." sign, Complaint ¶¶2 through 6 speak only of the individual defendants' places of <u>residence</u>, though by definition the relevant facts are their respective states of <u>citizenship</u> (not necessarily the same). And in that respect <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)(brackets in original omitted), quoting <u>Guar. Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996), has

---

[1] And as if to show that the Complaint's draftsman never proofread the final product, Complaint ¶1 speaks of Kotts Corporation only as "a corporation organized under the laws of **STATE**."

again repeated the command that "'[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit.'"

This action is therefore dismissed for lack of the required establishment of federal subject matter jurisdiction. That said, this Court recognizes that the defects identified here may well be curable, and if such is the case a full rewriting of the Complaint and the filing of new lawsuit might require more work than a possible resort to Fed. R. Civ. P. ("Rule") 59(e). But if that proves to be so, it seems fair to attach the same price tag to that alternative as to the filing of a new action.

Accordingly, plaintiffs and their counsel will be jointly obligated to pay a $350 fine to the District Court Clerk if an appropriate Rule 59(e) motion hereafter provides the missing information that can then lead to the vacatur of this judgment of dismissal. In the meantime, though this may prove unduly optimistic, this Court is issuing its customary initial scheduling order, to be operative if a vacatur turns out to be called for.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 26, 2010